UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PROFESSIONAL CARE MANAGEMENT, INC., dba BELINDA M. DESIGNS, and BELINDA McNEELY,

   Plaintiffs,

  v.

CITY OF WALNUT CREEK,

   Defendant.

No. C 05-2452 SI

**ORDER DENYING MOTION TO DISMISS AND VACATING HEARING**

  Defendant City of Walnut Creek has filed a motion to dismiss the plaintiffs' complaint for failure to state a claim. Pursuant to Local Rule 7-1(b), this Court finds the motion suitable for resolution without oral argument and therefore VACATES the hearing set for September 23, 2005. Having carefully considered the moving and opposing papers, and for the reasons set out below, the motion to dismiss is DENIED.

**BACKGROUND**

  On June 16, 2005, plaintiffs Professional Care Management, Inc. and Belinda McNeely ("Plaintiff") filed a complaint against defendant City of Walnut Creek ("Defendant"), alleging violations of 42 U.S.C. § 1983. Plaintiff operates a retail store on Main Street in Walnut Creek. She alleges that Walnut Creek has failed to uniformly enforce Walnut Creek Municipal Code § 10-2.3.121 (hereafter "the Ordinance"),[1] thereby causing damage to her. Plaintiff contends, *inter alia*, 1) that although the Ordinance is intended to limit outdoor displays of merchandise to uses or situations where no feasible alternatives exist, the City fails to enforce the ordinance uniformly, allowing large chain-store merchants to violate the Ordinance without repercussion; 2)

---

[1] Walnut Creek Municipal Code § 10-2.3.121 prohibits outdoor sales, service, display of merchandise or products, and storage, except in certain circumstances specified in the Ordinance.

that because McNeely complained to the City about the uneven enforcement, the City intentionally enforced the Ordinance strictly against her, imposing fines and threatening litigation; 3) that the City instructed its employees to disallow inquiry into the possibility of discriminatory enforcement of the Ordinance; and 4) that the City's conduct has caused plaintiff damage and continues to harm plaintiff's business.

Presently before this Court is defendant's FRCP 12(b)(6) motion to dismiss. Defendant contends that the requirements for asserting a viable § 1983 claim have not been met because the complaint fails to include any invidious or unconstitutional bases supporting plaintiff's allegations of discriminatory enforcement. Plaintiff contends that the complaint requirements for her 42 U.S.C. § 1983 claim have been met because she has alleged that she was treated differently from others similarly situated, that the difference in treatment was intentional, and that there was no rational basis for the difference.

## LEGAL STANDARD

FRCP 12(b)(6) provides that a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a 12(b)(6) motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). In answering this question, the Court must assume that the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997).

A 12(b)(6) motion to dismiss should be denied unless it appears plaintiff is unable to prove any set of material facts supporting her claim and entitling her to relief. *In re Zimmer*, 313 F.3d 1220, 1222 (9th Cir. 2002). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow plaintiff to develop the case at this stage of the proceedings. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004). However, it is improper "to assume that [plaintiff] can prove the facts it has not alleged or that the defendants have violated [laws] in ways that have not been alleged." *Jack Russell Terrier Network v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005).

## DISCUSSION

To establish a 42 U.S.C. § 1983 equal protection violation, plaintiff must demonstrate 1) that defendant

was acting under color of state law, 2) that defendant discriminated against plaintiff, and 3) that the discrimination was intentional. *Flores v. Morgan Hill Unified Sch. Dist.* 324 F.3d 1130, 1134 (9th Cir. 2003); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). Defendant challenges the sufficiency of plaintiff's pleadings with respect to the second and third elements of the claim, i.e., plaintiff failed to adequately plead that she was discriminated against by Walnut Creek or that such discrimination was intentional.

The Supreme Court has recognized that equal protection claims exist where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the differential treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073 (2000). In *Olech*, the Court held that a sparsely detailed complaint sufficiently pled facts to make out a 42 U.S.C. § 1983 claim. The crux of the complaint in that case was "that the Village *intentionally* demanded a 33-foot easement as a condition of connecting her property to the municipal water supply *where the Village required only a 15-foot easement from other similarly situated property owners*." *Id.* at 565 (emphasis added). Here, as in *Olech*, plaintiff alleges that the Walnut Creek intentionally enforced an Ordinance against her, but not against others similarly situated. Compl. ¶ 9.

Defendant argues that the California Supreme Court's decision in *Murgia v. Municipal Court*, 15 Cal.3d 286 (1978), provides the appropriate standard for determining whether plaintiff's allegations amount to a constitutional violation. Defendant contends that *Murgia* held that laxity of enforcement and nonarbitrary bases for selective enforcement of a statute do not implicate equal protection principles. However, *Murgia* does not go quite so far. Rather, the *Murgia* decision states:

> The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection *unless there is shown to be present in it an element of intentional or purposeful discrimination*.

*Murgia*, 15 Cal.3d at 297 (quoting *Snowden v. Hughes*, 321 U.S. 1, 8, 64 S. Ct. 397, 401 (1944)) (emphasis added).

Plaintiff alleges that Walnut Creek does not uniformly enforce the Ordinance, that Walnut Creek intentionally enforced the Ordinance against plaintiff more strictly than against other merchants after she complained about the lack of uniformity, and that Walnut Creek has enacted a policy of disallowing inquiry into discriminatory enforcement of the Ordinance. Liberally construing the complaint and making all reasonable

3

inferences in favor of the plaintiff, the Court finds that plaintiff sufficiently pleads discriminatory treatment and intention: "[Plaintiff] has complained to the City regarding its uneven enforcement of the Ordinance. In response, the City has intentionally and strictly enforced the Ordinance against plaintiffs by imposing fines and threatening litigation. . . ." Compl. ¶ 9. These allegations satisfy even the *Murgia* standard for successfully pleading claims of discrimination.

## CONCLUSION

Plaintiff's complaint satisfies the requirements for bringing a 42 U.S.C. § 1983 claim against the City of Walnut Creek. It alleges that the City of Walnut Creek, a municipal corporation acting under color of state law, intentionally and without rational basis treated plaintiff differently than others similarly situated. For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss (Docket # 7). The hearing set for September 23, 2005 is VACATED.

**Defendant shall file its answer no later than October 3, 2005.**

**IT IS SO ORDERED.**

Dated:  September 21, 2005                    _____
                                               SUSAN ILLSTON
                                               United States District Judge

4